McIlvaine, J.
This proceeding is prosecuted to oust defendants from the office of police commissioners of the city of Springfield, and wholly exclude them from the exercise of franchises, powers and authority, assumed to be conferred by the act of April 21, 1884, entitled: “An act to amend sections 1998, 2012, 2013, 2014, 2021 and 2022 of the Revised Statutes of Ohio.”
Defendant Constantine, as mayor of the city of Springfield, and defendants Kinnane, Schneider, Fried and Conklin, who were elected to the office of police commissioners by the electors of the city of Springfield, in accordance with the terms of said statute, rely on its provisions as their sole authority for assuming to act as such board of police commissioners.
Section 1998, as amended by said act, reads as follows : “ In cities of the first and second grades of the second class, and in cities of the third grade of the second class, having a population of nineteen thousand, and not exceeding twenty thousand, and in cities having a population of twenty thousand and not exceeding thirty thousand five hundred, by the last federal census, and that have not been advanced to a city of the second grade, second class, all powers and duties with respect to the appointment, regulation, government and control of the police shall be vested in and exercised by a board consisting of a mayor, who shall be president, and four commissioners, who shall be electors and freeholders of the city, and a majority shall constitute a quorum, and in cities of the third grade of the second class, having a population of nineteen thousand and not exceeding twenty thousand, and in cities having a population of twenty thousand and not exceeding thirty thousand five hundred, by the last federal census, and that have not been advanced to a city of the second grade, second class, said commissioners shall be elected by the people to serve for the term of two years, and until their successors are duly elected and qualified; the first election to be held wfithin twenty days after the passage of this act ; and thereafter said commissioners shall be elected at the annual municipal election, but no elector shall at any election vote for more *440 tlian two persons for such commissioners, and any ballot containing ' the names of more then two persons for said office shall not be counted for any of the names thereon, and the four persons receiving the highest number of votes cast, shall be declared elected; provided, that in the case of said last named cities, the provisions of section nineteen hundred and ninety-nine of said revised statutes, which relate to the term of office of said commissioners shall not apply, and all vacancies occurring during the term of said commissioners shall be filled as provided by said section nineteen hundred and ninety-nine ; but in making such appointments the political complexion of the board shall not be changed, and in case any cities of the third grade of the second class, having a population of nineteen thousand and not exceeding twenty thousand, and any city having a population of twenty thousand and not exceeding thirty thousand five hundred by the last federal census, and that have not been advanced to a city of the second grade, second class, shall be changed in grade or class, the police board hereby provided for such cities and its powers and duties shall not be affected by such change. Provided, that in said last named cities the present police force shall continue in office only until a police force is appointed by said board and duly qualified.”
It is admitted that the city of Springfield is embraced in the terms of this statute, but it is contended by the relator that the provision of the section that “ no elector shall at any election vote for more than two persons for such commissioners, and any ballot containing the names of more than two persons for said office shall not be counted for any of the names thereon, and the four persons receiving the highest number of votes shall be declared elected,” is in conflict with the constitution of the state and an election held thereunder is therefore void.
Section 27, article 2 of the constitution provides: “ The election and appointment of all officers, and the filling of all vacancies not otherwise provided for by this constitution or the constitution of the United States, shall be made in such manner as may be directed by law; but no appointing power *441 shall be exercised by the general assembly, except as prescribed in this constitution, and in election of United States senators; and in these cases the vote shall be taken “viva voce.”
That the defendants acting as a board of police commissioners, exercising the functions conferred by the act of April 21, 1884, are officers, within the meaning of this provision of the constitution, is not controverted in this case. That they are such officers is made clear by the decision in State v. Kennon, 7 Ohio St. 546, and is not in conflict with Warnick v. State, 25 Ohio St. 21. This board is created by the statute, and the mode of Ailing it not being provided for by the constitution of this state or of the United States, it follows that it must be filled by election or appointment in such manner as may be directed by law. Two modes of filling an office are indicated by this clause in the constitution. By election and by appointment. The general assembly may choose either, and having determined the mode, the manner of carrying it into execution is left to its discretion.
In the case before us, the legislature having created the office in question, determined that it should be filled by an election. The city of Springfield was made the election district, and the “ electors ” of this district were authorized to vote at the election. The first election was to have been held within twenty days after the passage of the act, and thereafter at the annual municipal election.
The qualifications of electors are not defined by this statute, but undoubtedly the legislature meant such persons as had the qualifications required of electors by the constitution and general laws of the state, as we think it clear that the election for officers as authorized by this section of the constitution must be such an election as is held in conformity to the provisions of the constitution on that subject.
We have no doubt the filling of an office, not provided for under the constitution of the state or the United States, may be referred to a body or class of persons who may or may not have the qualifications of electors, and the manner of ascertaining the sense of such body or class may be by taking a *442 vote ; but such mode of filling the office is not by an election as authorized by section 27, article 2, but by an appointment as therein authorized. Indeed the' manner of filling an office by appointment is unrestricted, save only that it can not be by “ an election,” which is pointed out by the constitution as a different mode of filling an office.
The constitution does not provide in detail the manner of holding elections, leaving that to legislative discretion, but it does provide that all elections shall be by ballot, and, having prescribed the qualifications of an elector, provides that each elector “ shall be entitled to vote at all elections.” See constitution, article 5. By this article we have no doubt that each elector is entitled to vote for each officer, whose election is submitted to the electors, as well as on each question that is submitted. This implication fairly arises from the language of the constitution itself, but is made absolutely certain when viewed in the light of circumstances existing at the time of its adoption. No such thing as “ minority representation” or “ cumulative voting ” was known in the policy of this state at the time of the adoption of this constitution in 1851. The right of each elector to vote for a candidate for each office to be filled at an election had never been doubted. No effort was made by the framers of the constitution to modify this right, and we think it was intended to continue and guarantee such right by the provision that each elector “shall be entitled to vote at all elections.” Such right is denied by this statute which provides for the election of four members of the board of police commissioners, but denies to any elector the right to vote for more than two persons for such commissioners.
The relator also claims that this statute is in conflict with section 1, article 13 of the constitution, which provides: “ The general assembly shall pass no special act conferring corporate powers.” In answer to this claim defendants rely on State v. Covington, 29 Ohio St. 111, which was ápproved in State v. Baughman, 39 Ohio St. 459.
This question has not been considered by this court, but in order to avoid misunderstanding, it is deemed proper to say tliat the case referred to is not conclusive on the point made. *443 In Covington’s case, where the board of police commissioners was appointed by the governor, it was said that the board of commissioners upon whom powers were conferred was not a corporation, and therefore the statute, though special, was not unconstitutional.
In the case before us it is claimed the power to hold an election was conferred upon the city of- Springfield, a municipal corporation, and the act, being special, was prohibited. This is a very different question, but the solution of it is not deemed necessary by this court.

Judgment of ouster.